THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT DeFORD, Defendant-Appellant.

Third District   No. 77-81

Opinion filed May 17, 1978.

Robert Agostinelli and Susan M. Solovy, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial in the Circuit Court of Fulton County, Robert DeFord was found guilty of burglary and sentenced to a term of three to 10 years in prison (Ill. Rev. Stat. 1975, ch. 38, par. 19—1). The sole issue raised on review is whether the trial court erred by calling Rick DeFord, defendant's 16-year-old brother and accomplice, as a court's witness.

The Eagles Lodge in Canton, Illinois, was burglarized sometime in the early morning hours of December 1, 1976. A police officer investigating

the burglary discovered two sets of footprints in the fresh snow near a broken-out glass door. One set was made by a square-toed boot or shoe and the other by a tennis shoe with a large "C" and a star on it. The footprints led from the lodge to a set of tire tracks on a road about 50 feet away. The officer followed the tire tracks down the road and into the driveway of a new home. Footprints leading from the tire tracks in the driveway to some nearby shrubs were followed, but nothing was found. The officer continued following the tire tracks back out of the driveway and to Route 78 where they turned toward Canton and could no longer be followed. Robert and Rick DeFord were arrested shortly thereafter in an all night diner in Canton. Robert was wearing a pair of boots with square toes and Rick wore a pair of Converse tennis shoes. Subsequently, it was determined that the home to which the tire tracks led was owned by defendant's father.

At a pretrial hearing the State moved to call Rick DeFord as a court's witness. The motion was granted over defendant's objection after representations were made that Rick DeFord was the sole eyewitness, had given previous statements and was defendant's brother. The State later prepared a motion seeking a grant of immunity from prosecution for Rick DeFord. At trial, after first establishing the facts of the burglary, tracking and arrest, the State asked the court to call defendant's brother as a court's witness. Defendant again objected, but the trial court, after granting the motion for immunity, designated Rick DeFord as a court's witness.

Rick testified that both he and the defendant entered the Eagles Lodge in the early morning hours of December 1, 1976, after the defendant had broken out the glass in one of the doors. Rick stated that he stood watch until his brother passed him a canvas bag of money and then they drove to their father's new home and hid the bag under some trees. The witness confirmed the facts of the arrest as stated by the officers and testified that he was wearing tennis shoes and his brother was wearing square-toed boots during the burglary. Under examination by defense counsel the witness testified that immediately after being arrested he denied committing the burglary. He stated that he persisted in that denial until he came to the understanding that the State would "go easier" on him if he would testify at his brother's trial. No witnesses were called by the defense and the jury returned a guilty verdict.

On appeal defendant contends there was an insufficient foundation laid for the calling of Rick DeFord as a court's witness. Defendant claims he was prejudiced because the State was allowed to elicit the witness' testimony by means of leading questions.

■■ If the court finds a witness to be unwilling or hostile, the party calling him may examine the witness by use of cross-examination. (*People*

*v. Chitwood* (4th Dist. 1976), 36 Ill. App. 3d 1017, 344 N.E.2d 611.) Whether a person should be called as a court's witness is a decision within the discretion of the trial court and that decision will not be disturbed on review absent an abuse of discretion. (*People v. Robinson* (3d Dist. 1977), 46 Ill. App. 3d 713, 361 N.E.2d 138.) However, the party asking the court to adopt the witness must lay a proper foundation. Such a foundation "would necessarily consist of the reasons why the party desiring the witness cannot vouch for his veracity, and showing that the testimony of the witness will relate to direct issues and is necessary to prevent a miscarriage of justice." (*People v. Moriarty* (1966), 33 Ill. 2d 606, 615, 213 N.E.2d 516.) Defendant DeFord concedes that his brother's testimony related to direct issues in the case and was of such importance that its absence could have resulted in a miscarriage of justice. Defendant contends that calling Rick DeFord as a court's witness was an abuse of the trial court's discretion because the reasons set forth by the State as justifying its reluctance to vouch for the witness' veracity were insufficient.

The courts of Illinois continue to expand the power of the trial judge to call a court's witness in cases where the formal rules might possibly cause a failure to bring the truth to the trier of the facts.

We find no abuse of discretion in this case. Important factors were before the trial court which supported the State's reluctance to vouch for the veracity of Rick DeFord. In the first place, the witness was defendant's brother. Courts have cited close personal friendship between the witness and the defendant as a reason for doubting a witness' veracity. (*People v. Dennis* (1970), 47 Ill. 2d 120, 265 N.E.2d 385.) Surely, a close family relationship between the witness and the defendant provides even more justification for the State to decline to vouch for the witness' veracity, and the fact that the witness in this case was also the defendant's accomplice is additional justification. Furthermore, the witness had already changed his story at least once. Immediately after being arrested Rick DeFord denied committing the burglary. The witness later admitted involvement in the crime and gave a statement to the police, but the inconsistency of the witness' story could reasonably lead the State to believe the witness was telling less than the whole truth. Indeed, Rick DeFord's testimony at trial was inconsistent with his statement of December 3, 1976. In the earlier statement the witness admitted being present during the burglary, but denied entering the building. At trial the witness testified that both he and the defendant entered the burglarized lodge. The range of the witness' story concerning his involvement in the burglary, from complete denial to being present at the scene but not involved to actual commission of the crime, clearly supports the State's reluctance to vouch for Rick DeFord's veracity.

■■ ■ Defendant, however, places great emphasis on the grant of immunity given to Rick DeFord, arguing that it is logically inconsistent for the State to refuse to vouch for the veracity of a witness who has been granted immunity from prosecution. We do not agree. The power awarded to the State by the legislature to move the court for a grant of immunity for a witness is a strategic tool which may be employed by the State for various purposes. (Ill. Rev. Stat. 1975, ch. 38, par. 106—1 *et seq.*) One such purpose is to allow the State to compel a person to testify who otherwise could not be forced to testify because of his Fifth Amendment right against self-incrimination. (*People v. Rockola* (1931), 346 Ill. 27, 178 N.E. 384.) Rick DeFord could not have been compelled to testify in the instant case absent the grant of immunity to him. In such situations the State, of course, hopes that the witness granted immunity will testify truthfully, and the threat of perjury or contempt charges adds sanction to that hope. (Ill. Rev. Stat. 1975, ch. 38, par. 106—3.) But, a grant of immunity is surely no guarantee that a witness will testify truthfully (*People v. Jarrett* (1st Dist. 1965), 57 Ill. App. 2d 169, 206 N.E.2d 835), and we do not believe the State should be required to vouch for the veracity of a witness granted immunity, particularly where there are factors present reasonably indicating that the witness may be reluctant to testify truthfully. We have already noted that the witness in this case had a close family relationship with the defendant, was defendant's accomplice, and had given two different stories to the police before trial.

Given these circumstances, we cannot conclude that the trial court abused its discretion by calling Rick DeFord as a court's witness. The judgment of the Circuit Court of Fulton County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.