THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES COOK, Defendant-Appellant.

Third District   No. 78-5

Opinion filed October 11, 1979.—Rehearing denied December 20, 1979.

Robert Agostinelli and Theodore Gottfried, both of State Appellate Defender's Office, of Ottawa, and Michael Margolies, law student, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

On April 29, 1977, the defendant, James Cook, was involved in a shooting and armed robbery at the Veteran's Club in Peoria. Cook and four others were charged in a 13-count information with six counts of aggravated battery (three counts under section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1)), and three counts under section 12—4(a) (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a))), one count of conspiracy to commit armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 8—2(a)), and six counts of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a)). The defendant was subsequently convicted by a jury on six counts of armed robbery and five counts of aggravated battery. He was sentenced to serve not less than 4 nor more than 8 years on the armed robbery convictions, and sentenced to serve from 2 to 6 years on the aggravated battery convictions, the sentences to run concurrently. It is from these convictions that the defendant appeals.

The defendant raises three issues on appeal. The defendant's first contention is that the information charging the defendant with the offense of armed robbery was fatally defective because it did not allege that the defendant had specific mental intent to permanently deprive the victim of the use of the property, and as a result his motion to arrest judgment should have been granted by the trial court. In support of his argument, the defendant originally relied upon *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 337, in which the Illinois Supreme Court stated that robbery is a specific-intent crime. However, the supreme court subsequently overruled *White* in *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, and held that robbery does not require specific intent on the part of the defendant to deprive the victim of his property. In light of the supreme court's decision in *Banks*, the defendant's contention that the

specific intent element must be alleged in an information charging a defendant with the offense of robbery is without merit. The defendant concedes this point by withdrawing his argument on this issue in his reply brief.

The second issue raised by the defendant concerns the one-act/one-crime doctrine examined at length in *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 424 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. In the case at bar, four of the six aggravated battery counts of which the defendant was convicted arose out of the shooting of two victims, Lonnie Thomas and Eugene Fearns. The defendant's shooting of Thomas led to two counts of aggravated battery, one count being based upon the fact that the battery was committed with the use of a deadly weapon (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1)), and the other count being based upon the fact that Cook caused great bodily harm to Thomas in committing the battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)). Cook's shooting of Fearns similarly gave rise to two aggravated battery counts based upon a violation of sections 12—4(a) and 12—4(b)(1).

The defendant contends that *King* mandates that two of these four aggravated battery convictions (one in regard to each victim) be vacated on the grounds that the offenses arose, in regard to each, out of the same physical act. As the supreme court stated in *King*, "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act." (66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) Because it is clear that each shooting gave rise to more than one offense, vacation of one of the aggravated battery convictions in regard to each victim is proper under *King*. The State agrees with the defendant on this point, and joins with him in requesting this court to vacate the convictions arising from counts I and V, the aggravated batteries of Thomas and Fearns with a deadly weapon (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1)). Accordingly, we vacate these two convictions.

The third and final contention made by the defendant on appeal is that the trial court erred in failing to grant defendant's pretrial motion to suppress statements obtained as the result of a reinterrogation concerning the same incident made after two requests for counsel. The evidence presented at the hearing on the motion to suppress revealed that Cook was arrested early on the morning of April 30 and taken to a Peoria police station. At approximately 12:25 a.m., he was read his *Miranda* rights by Peoria police officer John Fiers. At this time, he told Fiers that he wished to see an attorney, and consequently Fiers did not question him. After spending most of that day at the Peoria county jail, Cook was brought back to the station at approximately 6 p.m. for the purpose of appearing in a lineup. Prior to the lineup, Cook told Officers James Black and David Reynolds that he wished to see an attorney. However, this request was not

granted. Cook took part in the lineup (where no positive identification of him was made) and again was read his *Miranda* rights, this time by Officer Black. After being read his rights, he orally waived them and made a statement.

■■ The law is clear that once a defendant requests an attorney, all questioning *must cease* until an attorney is present. *Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321; *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; *People v. Medina* (1978), 71 Ill. 2d 254, 375 N.E.2d 78; *People v. Washington* (1977), 68 Ill. 2d 186, 369 N.E.2d 57; *People v. Taylor* (1978), 61 Ill. App. 3d 37, 377 N.E.2d 838, *aff'd,* (1979), 76 Ill. 2d 289, 391 N.E.2d 366; *People v. Parnell* (1975), 31 Ill. App. 3d 627, 334 N.E.2d 403; *Cf. People v. White* (1975), 61 Ill. 2d 288, 335 N.E.2d 457 (initial request for attorney "sufficiently dissipated" by intervening factors).

■■■ However, defendant's counsel neither objected to the prosecution's use of the statement at the trial, nor asserted as error in his post-trial motion the failure of the trial court to grant the motion to suppress. Although we find some merit in the argument that once counsel attempts to preclude illegally obtained evidence by making a pretrial motion to suppress no other action on his part should be necessary to preserve the issue on appeal, such is not the law. In *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239, we made it clear that to preserve an error on appeal counsel must either object to it at the proper time (which has been interpreted by the supreme court to mean *at trial* (*People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331)) or raise it in the post-trial motion. If a post-trial motion is filed, as was the case here, then any errors not set forth in the motion are considered to be waived. (Accord, *People v. Dimond* (1977), 54 Ill. App. 3d 1036, 370 N.E.2d 686; *People v. Miller* (1977), 46 Ill. App. 3d 882, 361 N.E.2d 373.) In *People v. Neville* (1976), 42 Ill. App. 3d 9, 355 N.E.2d 179, the Fourth District was faced with a situation very similar to that found in the instant case. There, the defendant argued on appeal that evidence incriminating him in a crime had been unconstitutionally seized. The defendant's pretrial motion to suppress the evidence was denied, and no other objection to the introduction of the evidence was raised prior to the appeal. The court, consistent with our holdings in *Guynn, Dimond,* and *Miller,* held the defendant had waived objections to the evidence by his failure to preserve the error at trial or in his post-trial motion. (Accord, *People v. Stark* (1978), 59 Ill. App. 3d 676, 375 N.E.2d 826.) We realize that these decisions seem to place an added burden on defense counsel who have already objected to evidence in a motion made prior to trial. However, it is not uncommon to have the pretrial motion heard by a judge different from the judge who conducts the trial and/or rules on the post-trial motion. In such a situation defense

counsel would undoubtedly renew the previously made objection for the purpose of obtaining a favorable ruling. The burden of renewing an objection for the purpose of obtaining a favorable ruling from a different judge is no greater than the burden of renewing an objection for the purpose of preserving error on appeal. In light of the relatively small burden placed on defense counsel, and the cases from our district (*Guynn*; *Dimond*; *Miller*) as well as from other districts (*Stark*; *Neville*) on point, we hold that defendant counsel's failure to object to the statement at trial, or allege the failure of the trial judge to grant the motion to suppress as error in his post-trial motion, constituted a waiver of any error in this regard on appeal.

As a result of defendant's waiver, we are precluded from examining the propriety of the trial court's denial of the motion to suppress unless the trial court's actions constituted plain error under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)). "Before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed." (*People v. Precup* (1978), 73 Ill. 2d 7, 17, 382 N.E.2d 227, 231. Accord, *People v. Coles* (1979), 74 Ill. 2d 393, 385 N.E.2d 694; *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) However, "Rule 615(a) does not operate in the nature of a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court." *People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227, 231. Accord, *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.

The record in this case reveals that not only did the defendant's counsel not object at the trial to the introduction into evidence of the statement by Cook (which was essentially exculpatory in nature), but he referred to it in the defense of Cook several times during the course of the trial and in his closing argument. Given the defense counsel's active utilization of Cook's statement in the formulation of a defense, we are unable to say that Cook was prejudiced or had his substantial rights adversely affected by the trial court's denial of the motion to suppress. Consequently, the trial court's action under these circumstances did not constitute plain error. Even if we were to find the denial of the motion to be plain error, the result would be the same, as the error, if anything, was harmless. See *People v. Green* (1979), 74 Ill. 2d 444, 386 N.E.2d 272.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed in part and vacated in part.

Judgment affirmed in part and vacated in part.

ALLOY and STENGEL, JJ., concur.