THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES BURROWS, Defendant-Appellant.

Third District   No. 79-913

Opinion filed June 5, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the defendant, Charles Burrows, from his conviction for burglary. Prior to his trial, the defendant filed motions to suppress statements made to police and evidence seized by them. After a hearing on the motions, the motions were denied.

The trial was conducted by a different judge. At the beginning of that proceeding, the defendant resubmitted his earlier motion to suppress. In response to an inquiry by the trial court, it was admitted that the defense had no additional testimony and that no unusual circumstance could be specified which would change the motion. Therefore, the trial judge ruled:

> "A cursory examination of the case would indicate to me that unless you have something that is different or unusual or strange or some circumstances that were unknown at the time of the original hearing on the motion to suppress that this Court can do nothing else than to deny the motion. So I will do so."

At two other points in the proceeding, the defendant renewed the motion to suppress, and on each occasion, the motion was denied, at one point rejecting a defense offer to call witnesses.

In this appeal, the only issue raised is whether the trial court erred by refusing to reconsider the defendant's motion to suppress when it was renewed at the trial. However, the defendant has not argued that the original ruling on the motion to suppress was improper nor that the record establishes any exceptional circumstances or any evidence in addition to that which was submitted at the first hearing which would require reconsideration.

Instead, the defendant's entire argument is, apparently, based on a misconception of the principles espoused in *People v. Cook* (1979), 78 Ill. App. 3d 695, 397 N.E.2d 439. In *Cook*, this court stated that for an issue concerning a pretrial motion to suppress to be preserved for consideration on appeal, objections must be made at trial or in a post-trial motion so as to enable the trial judge, who may be a judge other than the one who ruled on the pretrial motion to suppress, to consider the alleged error. *Cook* does not require, as the defendant would have us interpret it, that the trial judge must rehear the evidence and reconsider the motion even though a pretrial ruling has been made concerning that motion. Were we to accept the defendant's interpretation of *Cook*, pretrial considerations and determination of motions to suppress would become meaningless.

The rule remains that it is not error for a trial judge, without a hearing, to deny a motion to suppress which has previously been ruled upon, in the absence of an indication of exceptional circumstances or some evidence in addition to that which was presented at the earlier hearing. (*People v. Mathis* (1977), 55 Ill. App. 3d 680, 371 N.E.2d 245; *People v. Moore* (1976), 37 Ill. App. 3d 777, 347 N.E.2d 331.) *Cook* does not change that rule, but requires that the trial judge be given an opportunity to reconsider the motion to suppress.

For the reasons stated, the judgment of the Circuit Court of Fulton County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.