THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE CROSS, Defendant-Appellant.

First District (2nd Division) No. 80-2272

Opinion filed October 27, 1981.

---

James J. Doherty, Public Defender, of Chicago (Robert D. Glick and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Dean C. Morask, and Thomas J. Murphy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

George Cross, defendant, appeals his conviction for attempted murder. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4.) He was found guilty in a bench trial in the circuit court of Cook County and sentenced to 20 years imprisonment. Defendant claims that he was denied his due process right to call witnesses on his behalf, and that he was not proved guilty beyond a reasonable doubt.

Defendant was charged with attempted murder and aggravated battery in throwing Marla Nelson, the victim, from a third-story window. The victim claimed that defendant and several other men threw her from a hotel window. At defendant's preliminary hearing, the victim saw Gerald Washington, whom she believed to be one of defendant's accomplices. He had not been previously identified by name or apprehended. She notified a police officer, but Washington left the building before being apprehended. The day of defendant's trial, the victim saw Washington in the courtroom, as he was to be a witness for defendant. She identified him to an assistant State's Attorney, who secured a warrant for Washington's arrest. The warrant was issued by another judge after a hearing at which the victim testified.

When defendant's case was called for trial, the State moved for a continuance based upon the pending arrest of Washington. Defense counsel objected. The motion was denied. The trial court then ordered police officers not to execute the arrest warrant until Washington's participation in the trial was complete. The court then gave *Miranda* warnings to Washington, and, consistent with Washington's wishes, appointed counsel to represent him. While the State presented its case in chief, which consisted solely of the testimony of the victim, Washington consulted with his counsel. The defense called Washington as its first

witness. Although Washington came to court with the intention of testifying, after consultation with counsel he asserted his fifth amendment privilege against self-incrimination and refused to testify.

The substance of the victim's testimony was that defendant lured her to his hotel room. Upon arrival he and several accomplices attacked her. The motivation she ascribed to defendant was animosity arising out of a drug transaction. The defendant's version of the occurrence was that the victim accompanied him to his room so that she could inject herself with a narcotic. She suffered a bad reaction, possibly an epileptic fit, and jumped from the window. In essence, the trial court was faced with a question of credibility. In finding defendant guilty, the court expressly found the victim credible and the defendant not credible.

## I

Defendant claims he was denied due process in that he was deprived of his opportunity to call Gerald Washington as a witness because of the "intimidation" of Washington by the prosecution. The sixth amendment guarantees a defendant the right "to have compulsory process for obtaining witnesses in his favor." (U.S. Const., amend. VI.) A criminal defendant has a fundamental right to offer the testimony of witnesses. This right is violated if either the prosecution or the trial court exerts improper influence on defense witnesses causing them not to testify. (*Webb v. Texas* (1972), 409 U.S. 95, 98, 34 L. Ed. 2d 330, 333, 93 S. Ct. 351, 353; *Washington v. Texas* (1967), 388 U.S. 14, 23, 18 L. Ed. 2d 1019, 1025, 87 S. Ct. 1920, 1925.) Once such a violation occurs, it is not necessary for the defendant to establish prejudice to his case. *United States v. Hammond* (5th Cir. 1979), 598 F.2d 1008, 1013; *United States v. Morrison* (3d Cir. 1976), 535 F.2d 223, 228; *United States v. Thomas* (6th Cir. 1973), 488 F.2d 334, 336.

In the instant case, neither the prosecution nor the trial court exerted any improper influence to prevent Washington from testifying. The prosecution simply took the first step in initiating criminal charges against Washington, and informed the trial court of that fact. The court then advised Washington of his rights, and appointed counsel to protect those rights. (Compare *State v. Koller* (1979), 87 Wis. 2d 253, 274 N.W.2d 651.) Washington's counsel then advised the court the witness desired to remain mute and to rely on the fifth amendment. Had Washington been arrested and charged earlier, the same fifth amendment concerns could have caused him to decline to testify on defendant's behalf. The prosecution requested a continuance because of the circumstances. However, the defense objected and it was denied.

■■ Defendant's argument is, in essence, that he was deprived of Wash-

ington's testimony because Washington validly asserted his fifth amendment privilege against self-incrimination. A criminal defendant cannot force a witness to testify over a valid fifth amendment claim. (*United States v. Goodwin* (5th Cir. 1980), 625 F.2d 693, 700.) Here, the trial court upon learning of the arrest of Washington, correctly advised him of his rights and, at his request, appointed him an attorney. Washington thereupon consulted with his attorney while the trial proceeded. When the defense called Washington, he, along with his attorney, advised the court of exercising his fifth amendment right and declined to testify. We do not consider under these circumstances that the prosecution improperly caused Washington to refuse to testify. In our opinion, defendant was not denied due process.

## II

■■ Defendant's second claim is that the prosecution did not prove him guilty beyond a reasonable doubt. A reviewing court may not substitute its judgment for that of the trier of fact regarding the credibility of witnesses. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.) Further, a conviction may be based solely on the testimony of a single credible witness. (*People v. Mays* (1979), 74 Ill. App. 3d 145, 154, 392 N.E.2d 106.) The trial court found the prosecution witness credible, and the defense testimony not credible. We have reviewed the record and find there is adequate evidence in the record to support the finding of guilty. We will not substitute our judgment for that of the trial court.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.