THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
J.D. YOUNG, Defendant-Appellant.

First District (2nd Division)   No. 1—90—1498

Opinion filed June 16, 1992, *nunc pro tunc* June 2, 1992.

Randolph N. Stone, Public Defender, of Chicago (Donald S. Honchell and John T. Kennedy, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Susan R. Schierl, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendant, J.D. Young, appeals his jury conviction of possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402), arguing that (1) the court's coercion of a defense witness deprived him of due process; (2) the defense witness was not entitled to invoke his fifth amendment privilege; and (3) defendant's cross-examination of witnesses was restricted improperly.

Defendant and his accomplice, Gene Raper, were charged with possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) Prior to trial, Raper pled guilty and was sentenced to a term of probation. Defendant's first trial ended in a mistrial when the jury was unable to reach a verdict.

At the second jury trial, Chicago police officers William Taylor, Charles Toussas, and Phillip Bryant testified that on January 15, 1988, at about 8 p.m., they proceeded to a building at 1518 South Keeler. Bryant walked to the front door, knocked, and a man later identified as Raper answered; defendant was standing behind him. Bryant asked for a $20 bag of "coke" and handed Raper a $20 bill with a prerecorded serial number. Raper turned around and gave the bill to defendant, who put it in his pocket. When Raper turned back, he handed Bryant four "pyramid packs." Bryant returned to his fellow officers and examined the packets, which contained white powder.

All three officers returned to the front door of the building. They heard footsteps moving toward the front door as other officers entered the building through the rear entrance. Toussas hit the door

with his shoulder and forced it open. Defendant, Raper, and a woman were inside.

Taylor searched Raper and recovered a fully loaded automatic pistol and eight pyramid packs containing white powder. Toussas searched defendant and found 48 pyramid packs of white powder and $584 in cash, including the $20 bill which Bryant had used to make the controlled purchase. A search of the female yielded nothing, and she was released. The parties stipulated that the white powder in the 48 packets tested positive for cocaine and weighed 4.03 grams. The four pyramid packs purchased by Bryant, however, did not contain a controlled substance.

The defense called Raper to the stand, but he invoked the fifth amendment and did not testify. At the first trial, Raper had testified that neither he nor defendant had possessed cocaine on the date in question.

Defendant testified that he was at 1518 South Keeler drinking and playing cards on January 15, 1988. He admitted that he had been carrying $564 in cash, but denied that he had any cocaine. He did not take a $20 bill from Raper and saw no drugs on the premises.

The jury found defendant guilty of possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)), and he was sentenced to a two-year period of probation.

## I

At issue is whether the circuit court coerced Raper not to testify and thereby deprived defendant of due process.

During the first trial, Raper testified that neither he nor defendant had any drugs on the date in question. He admitted that previously he had pled guilty to possession of a controlled substance with intent to deliver before the same judge, and then was asked the following question:

> "[DEFENSE COUNSEL:] And you told the judge that you were guilty?
> A. No, sir."

The court immediately called for a sidebar and expressed its concern for accepting an involuntary plea from an innocent man. The judge remarked:

> "They won't lie about what I did to them and get away, so again, I will move hell and high water to have that gone over, and I would even direct the State to indict him, you know, if he tells and if he says he did something that causes me to look like I am lying.

* * *

*** I have a fellow who has been in jail now for about a year on contempt, you understand. *** I don't hesitate. I will put somebody underneath the jail for lying on me."

When direct examination resumed, Raper said that he pled guilty because the case had been pending for over two years and he "was about to have a nervous breakdown." On cross-examination, Raper said he voluntarily entered his guilty plea.

Prior to the second trial, the judge indicated that he intended to give Raper an opportunity to withdraw his guilty plea. Defense counsel argued that the court was taking away his client's defense by threatening Raper with a possible armed violence conviction, as the State might reinstitute such charge. Defendant's subsequent motion for substitution of judge was denied.

At trial, but outside the presence of the jury, Raper appeared before the court with his own attorney and was asked if he wished to withdraw his earlier guilty plea. He declined. Raper was called by the defense to testify, but he relied upon the fifth amendment and remained mute.

■■ A fundamental element of due process is the right of an accused to present witnesses in his own defense. (*Washington v. Texas* (1967), 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920.) That fundamental right is violated if the State or the court exerts improper influence on defense witnesses causing them not to testify. (*Webb v. Texas* (1972), 409 U.S. 95, 98, 34 L. Ed. 2d 330, 333, 93 S. Ct. 351, 353 *(per curiam)* (*Webb*); *People v. Cross* (1981), 101 Ill. App. 3d 435, 437, 428 N.E.2d 588 (*Cross*); see also Annot., 88 A.L.R.4th 388, 438 (1991).

Defendant relies upon *Webb*, in which the trial court, on its own initiative, directly addressed the sole defense witness, who had a prior criminal record and was then serving a prison sentence, and threatened him with prosecution for perjury if he lied. Following the judge's monition, characterized by the supreme court as "lengthy and intimidating," the witness refused to testify. It was held that defendant's right to due process had been violated and his conviction was reversed, as "the unnecessarily strong terms used by the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify." *Webb*, 409 U.S. at 98, 34 L. Ed. 2d at 333, 93 S. Ct. at 353.

Unlike *Webb*, this case does not involve the trial court's gratuitous admonishment of a defense witness who is on the stand. In fact, it appears from the record that Raper was not present when the allegedly

coercive statements were made during a sidebar discussion. Raper was addressed directly by the court only when he was given the option of withdrawing his guilty plea.[1] It is within the sound discretion of the circuit court to determine whether a plea of guilty, once entered, may be withdrawn to correct manifest injustice. (*People v. Smithey* (1983), 120 Ill. App. 3d 26, 31, 458 N.E.2d 87.) The court did not abuse its discretion in that regard.

In similar situations, this court has found no violation of due process. In *People v. Davis* (1980), 88 Ill. App. 3d 265, 410 N.E.2d 533, the court declared two of the State's witnesses to be hostile and warned them that if their answers were substantially different on a material point from their prior sworn testimony, they could be charged with perjury and contempt of court. Defendant objected to the caveat, made outside the presence of the jury, arguing that it intimidated the witnesses to testify exactly as they had during the prior trial of a codefendant. The appellate court distinguished *Webb* and held that the admonition was informative rather than threatening and did not intimidate the witnesses. *Davis*, 88 Ill. App. 3d at 270.

In *Cross*, defendant's witness was arrested when the victim recognized him in the courtroom as defendant's accomplice. The court advised the witness of his *Miranda* rights and appointed counsel to represent him. When called to testify by defendant, the witness asserted his fifth amendment privilege and refused to answer questions. It was held that neither the prosecution nor the court exerted improper influence to prevent the witness from testifying, and defendant was not denied due process. *Cross*, 101 Ill. App. 3d at 437-38.

■ Here, the circuit court did not exert such duress over Raper as to deter him from testifying. The court did not threaten Raper with perjury charges, and it was not suggested that he withhold testimony. On the advice of his own counsel, Raper asserted the fifth amendment, and a criminal defendant cannot force a witness to testify over such a claim. (*Cross*, 101 Ill. App. 3d at 438.) Raper's refusal to testify on behalf of defendant was not the product of coercion by the circuit court.

---

[1]Defendant asserts in his brief that the judge violated the statute prohibiting intimidation of witnesses. That offense, however, requires the direct or indirect communication of knowingly false information or threat of injury, neither of which is present here. See Ill. Rev. Stat. 1987, ch. 38, par. 32—4(b).

## II

Defendant contends that Raper was not entitled to assert his fifth amendment privilege.

■ A witness in a criminal case may, under the aegis of the fifth amendment, refuse to answer questions which might incriminate him, but only when he has reasonable cause to believe he might subject himself to prosecution if he answers. (*People v. Redd* (1990), 135 Ill. 2d 252, 304, 553 N.E.2d 316.) Neither an unreasonable fear of self-incrimination nor a mere reluctance to testify is a ground for claiming the privilege, and the circuit court determines if, under the particular facts, there is a real danger of incrimination. (*Redd*, 135 Ill. 2d at 304.) A witness may be denied the privilege only when it is perfectly clear, considering all the circumstances, that the answers sought cannot possibly have a tendency to incriminate. *People v. Cooper* (1990), 202 Ill. App. 3d 336, 342, 559 N.E.2d 942.

■ Defendant asserts that Raper did not have reasonable grounds to fear self-incrimination. Raper, however, might have committed perjury had he testified further. (See Ill. Rev. Stat. 1987, ch. 38, par. 32—2(a).) In pleading guilty to possession of a controlled substance with intent to deliver, Raper admitted all the elements of that offense and every material fact alleged in the indictment. (See *People v. Caplinger* (1987), 162 Ill. App. 3d 74, 79-80, 514 N.E.2d 1221.) At the first trial, however, he denied that he had possessed cocaine. When given an opportunity to withdraw his plea, Raper declined. No error was committed in allowing Raper to assert his fifth amendment privilege, as he had reasonable cause to believe that he might incriminate himself for perjury.

## III

Lastly, defendant claims that the court restricted his cross-examination of the State's witnesses in violation of the sixth amendment.

In criminal proceedings, the scope of cross-examination is determined by the circuit court, whose decision will not be overturned absent an abuse of discretion resulting in manifest prejudice to defendant. (*People v. Hunter* (1984), 124 Ill. App. 3d 516, 538, 464 N.E.2d 659.) If the record shows that the jury had been made aware of adequate factors concerning relevant areas of impeachment of a witness, no constitutional issue arises merely because defendant had been prohibited on cross-examination from pursuing other areas of inquiry. *People v. Maldonado* (1989), 193 Ill. App. 3d 1062, 1069, 550 N.E.2d 1011.

■■ Defendant challenges four instances where his cross-examination of the police officers allegedly was restricted, none of which constitutes an abuse of discretion. The jury was provided with sufficient information from which to determine the credibility of each officer. Defense counsel was given wide latitude during cross-examination, and his inquiry into irrelevant and collateral matters was restricted properly. We find sufficient cross-examination to satisfy the constitutional guarantee.

Further, even if the court erred in restricting defendant's cross-examination of the officers, reversal is not warranted unless there remains a reasonable doubt whether defendant has been prejudiced thereby or the outcome of the trial would have been different had the error not been made. (*People v. Sprawls* (1990), 205 Ill. App. 3d 337, 342, 562 N.E.2d 1065.) Here, there is no such reasonable doubt.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.