# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

### *People v. McPherson*, 2017 IL App (2d) 150538

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARIUS McPHERSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0538 |
| Filed | September 1, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 14-CC-11; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and John T. Hildebrand, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Lawrence M. Bauer, Victoria E. Jozef, and Cora Moy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HUDSON delivered the judgment of the court, with opinion.<br>Justices Birkett and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Darius McPherson, appeals from the judgment of the circuit court of Lake County sentencing him, following his guilty plea to direct criminal contempt, to a six-year term of imprisonment. He contends, among other things, that Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) applied and that, upon the filing of a motion to reconsider his sentence, his counsel failed to file the required certificate. Because Rule 604(d) applied, we vacate and remand.

¶ 2                                   I. BACKGROUND

¶ 3      Defendant was originally charged with a drug offense (No. 14-CF-2234). While that case was pending, the State filed a new case charging defendant, via a petition for adjudication, with direct criminal contempt. The petition alleged that defendant had been granted use immunity to testify at his brother's murder trial. Although the trial court had ordered defendant to testify and advised him that if he refused he could be found in direct criminal contempt, he refused. In its petition, the State requested that defendant's refusal to testify be classified as a "major contempt" and that a sentence exceeding six months' incarceration be considered.

¶ 4      On November 20, 2014, defendant was arraigned. Pursuant to defendant's motion for a substitution of judge, the case was assigned to a different judge.

¶ 5      On March 2, 2015, defendant entered a guilty plea in his drug case, leaving open the issue of the appropriate sentence. He also entered an "open plea" to the contempt charge, which the trial court characterized as an "open admission to the petition for adjudication of criminal contempt."

¶ 6      The trial court then admonished defendant as to both offenses, consistently with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). After doing so, the court asked defendant if he wished "to plead guilty and admit" the criminal contempt, to which defendant answered yes.

¶ 7      The State offered a factual basis for the contempt charge. According to the State, the court reporter and the assistant State's Attorney assigned to defendant's brother's murder case would testify that defendant was subpoenaed in that case, the court ordered him to testify, and defendant refused to do so. Defendant stipulated to, and the court found sufficient, the factual basis. The court then set the matter for sentencing.

¶ 8      At the sentencing, the trial court found that, because defendant was in jail for his drug offense when he committed the contempt, his sentence for contempt must be consecutive. The court considered the presentence report and various factors in arriving at the sentence for contempt. The court sentenced defendant to six years' imprisonment. The court sentenced defendant to 3½ years' imprisonment on the drug conviction.

¶ 9      Defendant filed a motion to reconsider only his contempt sentence. Defendant's attorney did not file a certificate pursuant to Rule 604(d). In denying the motion to reconsider, the trial court reiterated its reasoning for imposing the six-year, consecutive prison term. Defendant, in turn, filed a timely notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, defendant contends that (1) because he pled guilty to the contempt charge, counsel was required, upon the filing of the motion to reconsider, to file a certificate under Rule 604(d) and (2) the sentence on the contempt conviction must be reduced, as his failure to testify at his brother's trial did not prejudice the State, and the trial court erred in imposing a consecutive sentence. The State responds that (1) because direct criminal contempt is "*sui generis*," Rule 604(d) does not apply and (2) the court neither abused its discretion in imposing a six-year prison sentence nor erred in making the sentence consecutive.

¶ 12        Because it is dispositive, we first address the Rule 604(d) issue. Rule 604(d) provides, in pertinent part, that when a defendant, who has pled guilty, moves to withdraw his plea or reconsider his sentence, his counsel must file a certificate stating that he has consulted with the defendant, has examined the trial court file and report of proceedings, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Rule 604(d) applies to the entry of a guilty plea to a criminal charge. *People v. Tufte*, 165 Ill. 2d 66, 72 (1995).

¶ 13        In this case, there is no question that defendant was charged criminally in the contempt prosecution. Indeed, he was subsequently convicted and sentenced to prison. Additionally, defendant pled guilty to the charge. Because defendant pled guilty to a criminal charge, Rule 604(d), by its terms, applied. Thus, when defendant moved for reconsideration of his sentence, his counsel was required to file the certificate.

¶ 14        The State, however, contends that, because direct criminal contempt is *sui generis* and the normal procedural rules for criminal prosecutions do not apply, Rule 604(d) likewise does not apply. We disagree.

¶ 15        Although generally the procedural protections applicable to a criminal prosecution do not apply to a direct criminal contempt conviction (see *People v. Hixson*, 2012 IL App (4th) 100777, ¶¶ 13-14), the facts of this case are unusual. Unlike the typical direct criminal contempt proceeding, in which the trial court summarily decides whether a defendant was contemptuous and imposes an immediate sanction (see *People v. Simac*, 161 Ill. 2d 297, 306 (1994) (direct criminal contempt is normally found and punished summarily)), here there was a far more formal procedure. Indeed, the procedure here had all of the trappings of a typical criminal prosecution. Defendant was formally charged via a petition for adjudication of direct criminal contempt. Defendant was also arraigned. He pled guilty at a formal guilty-plea proceeding, at which the court admonished him consistently with Rule 402(a), and the State offered a factual basis. Further, after defendant pled guilty, the matter was set for sentencing. At the sentencing hearing, the court considered the presentence investigation report and various sentencing factors in arriving at a sentence. In light of the formal criminal prosecution in this case, the rules normally applicable to criminal prosecutions applied, including the certificate requirement of Rule 604(d).

¶ 16        Because trial counsel failed to file a Rule 604(d) certificate, the proper remedy is to vacate the denial of defendant's motion and remand the cause for the filing of a valid certificate, the opportunity to file a new motion, and a new motion hearing. See *People v. Martell*, 2015 IL App (2d) 141202, ¶ 21 (citing *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011)). Thus, we do not reach the issue regarding defendant's sentence.

¶ 17                               III. CONCLUSION

¶ 18        For the foregoing reasons, the order of the circuit court of Lake County is vacated, and the cause is remanded.

¶ 19        Vacated and remanded.