# Illinois Official Reports

## Appellate Court

---

### *People v. McPherson*, 2018 IL App (2d) 170966

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARIUS McPHERSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-17-0966 |
| Filed | September 25, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 14-CC-11; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, Jack Hildebrand, and Paul Alexander Rogers, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, David J. Robinson, and Lawrence M. Bauer, of State's Attorneys Appellate Prosecutor's Office, of counsel, and Grant A. Bosnich, law student), for the People. |

PRESIDING JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Burke and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Darius McPherson, appeals from the judgment of the circuit court of Lake County, sentencing him to a consecutive six-year term of imprisonment for direct criminal contempt. Because the trial court did not abuse its discretion in imposing the six-year prison sentence, we affirm that part of the judgment. However, because the court erred in ruling that the sentence was required to be consecutive, and because it abused its discretion in alternatively imposing the consecutive sentence as a matter of discretion, we modify the sentence to run concurrently with defendant's sentence for a drug offense.

¶ 2      I. BACKGROUND

¶ 3      Defendant was originally charged with a felony drug offense (No. 14-CF-2234). While that case was pending, the State filed the present case (No. 14-CC-11), charging defendant with direct criminal contempt. The petition for adjudication of contempt alleged that defendant, who had been granted use immunity to testify at his brother's murder trial, refused to testify.

¶ 4      On the same date, defendant pled guilty to both the felony drug charge and the contempt charge, leaving open in both cases the appropriate sentence.

¶ 5      At the joint sentencing hearing, defendant presented two witnesses. Detective Morris Wade of the North Chicago Police Department testified that he investigated defendant's brother's murder case. According to Detective Wade, a video showed that, on the night of the murder, defendant's brother entered a vehicle driven by defendant.

¶ 6      Detective Wade interviewed defendant to determine if he was involved in the murder. According to Detective Wade, defendant denied having witnessed the shooting. Defendant never told Detective Wade that there had been a plan to shoot the victim, that his brother had bragged about the shooting, or that defendant had tried to conceal the murder.

¶ 7      Lawrence Wade, an attorney, testified that, as part of his representation of defendant's brother, he spoke twice to defendant. Defendant said little, and Lawrence Wade could not determine whether defendant would be helpful to either the defense or the prosecution.

¶ 8      Lawrence Wade also observed defendant during the murder trial. He opined that defendant was never disrespectful to the trial judge and never disrupted the proceedings. Lawrence Wade saw defendant refuse to testify each day of the trial. Lawrence Wade admitted that defendant had been given immunity to testify.

¶ 9      In allocution, defendant apologized for his actions.

¶ 10      In imposing sentence, the trial court stated that it had considered the record, the presentence investigation report, the testimony of defendant's two witnesses, the allocution, and counsel's arguments. The court added that it had also considered all statutory and nonstatutory aggravating and mitigating factors, as well as the constitutional command to fashion a sentence designed to facilitate defendant's rehabilitative potential and to restore him to useful citizenship.

¶ 11    The trial court sentenced defendant to three years' imprisonment on the drug conviction. As for the contempt sentence, the trial court noted that, because its contempt power is extraordinary and should be used sparingly and with the utmost sensitivity, the sentence should reflect the "least possible power adequate to its purpose." The trial court commented that, in imposing sentence, it was considering whether defendant had an actual but mistaken belief that he had a fifth amendment right not to testify, whether his refusal to testify seriously hampered the State's ability to prosecute his brother, whether his contempt was nonviolent, and whether he was flagrantly disrespectful to the trial judge. After noting that the State was able to convict defendant's brother without defendant's testimony, the court observed that, although that might be either aggravating or mitigating, the court was not giving it much weight.

¶ 12    Because of the immunity, the trial court found that defendant had no reasonable belief that he had a fifth amendment right to refuse to testify. The court found that defendant's refusal to testify occurred during a serious murder trial. The court deemed it mitigating that defendant refused to testify against his brother. The court further commented that defendant did not choose to be a material witness. However, the court noted that a civilized society cannot have a system of justice where a person decides whether he or she should testify and that the public is entitled to everyone's testimony concerning criminal acts committed by another. The court stated that, in cases involving the contemptuous refusal to testify, it is particularly important to impose a sentence that will deter others from such conduct. The court also noted that, even though some courts had compared the contemptuous refusal to testify with perjury, it did not think that this was a proper comparison in all cases. It added that case law involving the contemptuous refusal to testify supports the proposition that a sentence for contempt is not limited by the sentencing range for perjury. See 720 ILCS 5/32-2(e) (West 2016); 730 ILCS 5/5-4.5-40(a) (West 2016).

¶ 13    The trial court stated that, because defendant was in jail on the drug offense when he committed the contempt, it believed that the sentence must be consecutive. However, the court added that, even if a consecutive sentence were not required, it would impose one "based upon the facts and circumstances of [the] case." The court recognized that defendant had only the one felony conviction and that he was young. The court sentenced defendant to a consecutive six-year term of imprisonment on the contempt conviction.

¶ 14    Defendant filed a motion to reconsider only his contempt sentence. In denying the motion to reconsider, the trial court reiterated that it did not believe that the sentence for contempt was limited by the statutory framework for perjury. However, even if it were, the court would have imposed the same sentence.

¶ 15    Defendant appealed, and we vacated the denial of the motion to reconsider because of the lack of a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). See *People v. McPherson*, 2017 IL App (2d) 150538. We remanded for defendant's counsel to file the Rule 604(d) certificate and for new proceedings under the rule.

¶ 16    In denying defendant's motion to reconsider his sentence on remand, the trial court reiterated that, when it sentenced defendant, it considered all statutory and nonstatutory aggravating and mitigating factors. The court added that it imposed a consecutive sentence because defendant committed the contempt while the drug charge was pending. However, the court noted that, even if the sentence were not required to be consecutive, the court, as a matter of discretion, "conducted the analysis and was of the opinion that consecutive sentences were appropriate." The court added that it had, at sentencing, "explained at greater length *** why it

- 3 -

imposed the sentence that it did." Finally, the court repeated that, because contempt is not a statutory offense, and thus does not have a statutory sentencing range, the sentence must be reasonable under the circumstances. Defendant, in turn, filed this timely appeal.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, defendant contends that the trial court abused its discretion in imposing a consecutive six-year prison sentence. He asserts that, rather than remand for resentencing, this court should vacate that sentence and impose a consecutive one-year term of imprisonment.

¶ 19    Criminal contempt is conduct directed against the dignity or authority of the court. *People v. Gholson*, 412 Ill. 294, 298 (1952). "Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both." *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). It has long been recognized that a court has the inherent power to punish contempt. *People v. Geiger*, 2012 IL 113181, ¶ 24. Moreover, because the power to punish contempt is inherent and does not depend on a constitutional or legislative grant, the legislature may not restrict it. *Geiger*, 2012 IL 113181, ¶ 24. Accordingly, contempt has no statutory sentencing classification or range. *Geiger*, 2012 IL 113181, ¶ 24. Nonetheless, when imposing a sentence for contempt, a court should keep in mind that the contempt power is extraordinary and thus should be used sparingly and with the utmost sensitivity. *Geiger*, 2012 IL 113181, ¶ 25.

¶ 20    A sentence for direct criminal contempt, like any other sentence, is reviewed for an abuse of discretion. *Geiger*, 2012 IL 113181, ¶ 27. A sentence will be deemed an abuse of discretion where it greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *Geiger*, 2012 IL 113181, ¶ 27. In contempt cases, however, where there are no sentencing guidelines, reviewing courts have a special responsibility for determining that the contempt power is not abused and, if necessary, reducing sentences themselves. *Geiger*, 2012 IL 113181, ¶ 27.

¶ 21    There are certain factors that a trial court may consider when fashioning an appropriate sentence for criminal contempt. *Geiger*, 2012 IL 113181, ¶ 28 (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 302-03 (1947)). Those factors are (1) the extent of the willful and deliberate defiance of the court's order, (2) the seriousness of the consequences of the contumacious behavior, (3) the necessity of effectively terminating the defendant's defiance as required by the public interest, and (4) the importance of deterring such future behavior. *Geiger*, 2012 IL 113181, ¶ 28.

¶ 22    In this case, when we consider the six-year prison sentence in light of the relevant sentencing factors recognized in *Geiger*, the sentence neither varied greatly from the spirit and purpose of the law nor was manifestly disproportionate to the nature of the offense.

¶ 23    First, defendant was particularly willful and defiant in refusing to testify. Because he had been granted use immunity, he had no reasonable belief that he had a fifth amendment right not to testify. See 725 ILCS 5/106-2.5(b) (West 2016); *People v. Zambrano*, 2016 IL App (3d) 140178, ¶ 24 (citing *People v. Ousley*, 235 Ill. 2d 299, 316 (2009)); see also 725 ILCS 5/106-3 (West 2016) (any witness who, having been granted immunity, refuses to testify shall be in contempt). Further, on each day of his brother's trial, defendant was given the opportunity to comply with the court's order to testify. Instead, throughout the trial he adamantly refused to testify. Defendant's persistent refusal to testify, when he clearly had no fifth amendment right

to refuse, constituted a willful and deliberate defiance of the court. Thus, that factor weighs in favor of a lengthier sentence.

¶ 24 Second, defendant's refusal to testify had serious consequences. The State sought his testimony in a murder case. Because defendant did not testify, there was an increased risk that justice might not be achieved in the death of a young woman. Although defendant suggests that his testimony was not particularly important, as the State obtained a conviction without it, we cannot know the true nature of that testimony. Additionally, Detective Wade testified at sentencing that there was video evidence that defendant and his brother were together in a vehicle on the night of the murder. That certainly implies that defendant would have had material evidence to offer had he testified. Further, the State immunized defendant in exchange for his testimony, which also suggests that his testimony would have been material. Because defendant's refusal to testify had serious consequences, that factor also supports a more severe sentence.

¶ 25 Third, the public interest required the effective termination of defendant's defiance. Society has a justifiable interest in trials that are based on a full disclosure of relevant evidence. Indeed, one of the underlying purposes for granting a witness immunity is to obtain his testimony notwithstanding his fifth amendment right not to testify. *People v. DeFord*, 59 Ill. App. 3d 942, 945 (1978). In granting such immunity, the prosecution serves the public interest. *United States v. Jarrett*, 133 F.3d 519, 539 (7th Cir. 1998) (federal prosecutor has unreviewable power to decide whether the public interest demands granting immunity to a witness in order to compel the witness's testimony). It is contrary to that public interest to have a material witness refuse to testify. More importantly, the public's interest in a full disclosure of evidence is particularly keen in a murder trial. Indeed, it is entirely inconsistent with the public's interest to have an accused murderer escape accountability because the State could not obtain a witness's testimony. Because defendant's refusal to testify in the face of a grant of immunity frustrated the public's interest, that factor weighs heavily in favor of the six-year prison sentence.

¶ 26 Fourth, the import of deterring others from similar conduct is obvious. The failure to impose a significant sentence in this case would encourage future immunized witnesses to refuse to testify. Were witnesses such as defendant allowed to refuse to testify without consequence, trials would be incomplete, and the integrity of our judicial system would be questioned. Thus, deterrence supports the sentence imposed.

¶ 27 When we consider the relevant factors in light of the circumstances of this case, we readily conclude that the six-year prison sentence neither varied greatly from the spirit and purpose of the law nor was manifestly disproportionate to the offense. Thus, the trial court did not abuse its discretion in imposing the six-year prison sentence.

¶ 28 We further note that, to the extent that the parties rely on the perjury statute as a guide for determining whether the sentence was proper, such reliance is misplaced. As our supreme court stated in *Geiger*, because the judicial power to punish contempt is inherent and does not depend on any constitutional or legislative grant, the legislature may not restrict it. *Geiger*, 2012 IL 113181, ¶ 24. Thus, contempt has no statutory sentencing classification or range. *Geiger*, 2012 IL 113181, ¶ 24. To interpose a statutory range by comparing contempt to perjury, or some other statutory offense, would detract from the inherent judicial authority to punish contempt. To the extent that some judicial decisions have suggested otherwise, we respectfully disagree. Of course, a punishment for contempt is not without limit. As noted, all

contempt sentences are subject to review for an abuse of discretion. *Geiger*, 2012 IL 113181, ¶ 27. Thus, we strongly discourage parties from arguing whether a sentence for contempt is appropriate by relying on the sentencing ranges for statutory offenses.

¶ 29 We next address whether the trial court erred in imposing a mandatory consecutive sentence or abused its discretion in imposing a discretionary one.[1] It did both.

¶ 30 In ruling at the sentencing hearing that the contempt sentence was required to be consecutive, the trial court stated that the contempt was committed while defendant was in jail on the drug charge. The State properly concedes that a mandatory consecutive sentence was not proper on that basis because defendant was in the custody of the Lake County sheriff as opposed to the Illinois Department of Corrections. See 730 ILCS 5/5-8-4(d)(6) (West 2016); *People v. Lashley*, 2016 IL App (1st) 133401, ¶¶ 44-53. Thus, the trial court erred to the extent that it ruled that a consecutive sentence was mandatory because defendant was in jail on the drug charge when he committed the contempt.

¶ 31 However, when denying the motion to reconsider on remand, the trial court stated that it had ruled that a consecutive sentence was required because defendant committed the contempt while the felony drug charge was pending. Section 5-8-4(d)(8) of the Unified Code of Corrections (Code) requires that a consecutive sentence be imposed where a defendant who is charged with a felony commits a separate felony while on pretrial release or in jail for the first felony. 730 ILCS 5/5-8-4(d)(8) (West 2016). However, criminal contempt is not classified as a felony. See *Geiger*, 2012 IL 113181, ¶ 24. Because defendant's contempt did not constitute a separate felony within the meaning of section 5-8-4(d)(8), that provision did not require a consecutive sentence.

¶ 32 As for the discretionary imposition of a consecutive sentence, section 5-8-4(a) of the Code provides, in pertinent part, that, when a court imposes a prison sentence on a defendant who is already subject to a sentence of imprisonment, the additional sentence shall run concurrently, unless the court determines otherwise. 730 ILCS 5/5-8-4(a) (West 2016). Accordingly, as pertinent here, a court may impose a discretionary consecutive sentence only if, having regard for the nature and circumstances of the offense and the history and character of the defendant, the court finds that consecutive sentences are necessary to protect the public from the defendant's further criminal conduct. 730 ILCS 5/5-8-4(c)(1) (West 2016). In imposing a consecutive sentence under section 5-8-4(c)(1), a court must set forth on the record its basis for doing so. 730 ILCS 5/5-8-4(c)(1) (West 2016).

¶ 33 Here, the trial court did not find that a consecutive sentence was necessary to protect the public from defendant's further criminal conduct. Nor did it set forth adequately on the record its specific basis for imposing a consecutive sentence. At most, the court generally stated that it was imposing a consecutive sentence because of the "facts and circumstances of [the] case." It added, when denying defendant's motion to reconsider his sentence on remand, that it had

---

[1]Defendant, in his opening brief, contended that the trial court erred in ruling that a consecutive sentence was required. The State, in its brief, agreed that a consecutive sentence was not required but argued that it was proper as a matter of discretion. In his reply brief, defendant stated that in his opening brief he did not ask this court to vacate the consecutive sentence and make it concurrent. However, he also argued that the trial court abused its discretion in imposing a consecutive sentence. Because the issue has been raised adequately, we will decide whether the trial court properly imposed a consecutive sentence, either because it was required or as a matter of discretion.

"conducted the analysis and was of the opinion that consecutive sentences were appropriate." Those brief comments fall short of the substantiation called for by section 5-8-4(c)(1). Although a court need not recite the language of section 5-8-4(c)(1), the record at least must show the particular facts and circumstances that the court relied on in deciding that a consecutive sentence was appropriate. See *People v. Buckner*, 2013 IL App (2d) 130083, ¶ 36. The record here does not.

¶ 34 Alternatively, even had the trial court enunciated its basis on the record, a consecutive sentence was not proper under the circumstances. Defendant refused to testify at his brother's trial. That unique circumstance is not likely to recur. Nor does defendant's criminal history, which consists merely of one recent drug offense, suggest that he is likely to commit other criminal conduct. Accordingly, we conclude that the court abused its discretion in making the contempt sentence consecutive. Thus, we modify the sentence for contempt to run concurrently with the sentence for the drug conviction. See *People v. Reeves*, 385 Ill. App. 3d 716, 735 (2008) (citing Ill. S. Ct. R. 615(b)(4) (eff. Jan. 1, 1967)).

¶ 35 III. CONCLUSION

¶ 36 For the reasons stated, we affirm the judgment of the circuit court of Lake County, imposing a six-year prison sentence for contempt, but modify the sentence to make it concurrent.

¶ 37 Affirmed as modified.