2020 IL App (2d) 191148-U
No. 2-19-1148
Order filed December 10, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-466 |
| LOUIS A. HERNANDEZ, | ) ) | Honorable Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Brennan concurred in the judgment.

**ORDER**

¶ 1    Defendant, Louis A. Hernandez, pleaded guilty[1] to two counts of home invasion (720 ILCS 5/19-6(a)(2) (West 2016)) (counts I and II), four counts of aggravated domestic battery (*id.* § 12-3.3(a-5), 3.3(a)) (counts V, VI, VII, and VIII), and one count of aggravated battery (*id.* § 12-3.05(a)(5) (West 2016)) (count IX).  The charges stemmed from defendant's actions of entering the home of his ex-girlfriend, Kimberley M. Kulik, hiding in her bedroom closet, exiting the closet

---

[1] The record does not appear to contain a report of proceedings of the plea hearing.

when Kulik arrived home late one evening along with her friend, Tiffany R. Rosillo, and then proceeding to batter both women (by strangling and striking), over the next several hours. Following a sentencing hearing, the trial court merged counts I and II, counts V and VIII, and counts VI and VII. It imposed a seven-year prison sentence on count I, a three-year prison sentence on count V, a three-year prison sentence on count VI, and a two-year prison sentence on count IX. The court ordered the sentences on counts I, V, and VI to run consecutively and the sentence on count IX to run concurrently. Following the denial of his motion for reconsideration of sentence, defendant timely appealed.

¶ 2       On appeal, defendant argues that the trial court erred in imposing discretionary consecutive sentences. Section 5-8-4 of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4 (West 2016)) governs the imposition of consecutive sentences. Section 5-8-4(c)(1) provides:

> "The court may impose consecutive sentences *** [i]f, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the court that consecutive sentences are required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." *Id.* § (c)(1).

According to defendant, the court erred in failing to specifically set forth on the record its basis for the imposition of consecutive sentences. In addition, he argues that his criminal history and character "strongly militate against the application of a consecutive sentence."

¶ 3       The State responds that defendant has forfeited these arguments by failing to raise them at sentencing or in his post-sentencing motion. We agree. "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010). Contrary to defendant's

claim in his reply brief, his counsel did not argue the issue of discretionary consecutive sentencing "extensively" during the sentencing hearing. Although counsel argued that defendant should not be subject to *mandatory* consecutive sentences, he expressly conceded that the court "certainly has leave under the statute to do that [impose consecutive sentences] in a permissive sense, but I want to make sure that the State is not making the argument that it is a mandatory consecutive sentence." Counsel made no argument specific to discretionary consecutive sentencing under section 5-8-4(c)(1) of the Code.

¶ 4 Defendant did file a motion to reconsider sentence, but he argued only that his sentence was excessive.[2] He again made no argument concerning the trial court's failure to comply with the requirements of section 5-8-4(c)(1) or that the evidence did not support a finding that consecutive sentences were necessary to protect the public.

¶ 5 Given that defendant has forfeited the issue, it is reviewable only if defendant establishes plain error. *Hillier*, 237 Ill. 2d at 544. A defendant forfeits plain error review when he does not argue for it. *People v. Olaska*, 2017 IL App (2d) 150567, ¶ 134. Here, defendant did not argue for plain error review in either his initial brief or in reply. Instead, he asserts in reply that if we find that he did not raise the issue below, we should relax the waiver rule because the issue on appeal is the conduct of the trial court. He cites *People v. Saldivar*, 113 Ill. 2d 256, 266 (1986), for the proposition that "[t]o preserve any error of the court made at [the time of sentencing], it was not necessary for counsel to interrupt the judge and point out that he was considering wrong factors in

---

[2] There does not seem to have been a hearing on the motion. The record indicates only that the matter was before the court for "status" on December 4, 2019, and that the court denied the motion on that date. There is no report of proceedings from that date.

aggravation[.]" He also cites *People v. Davis*, 185 Ill. 2d 401, 434 (1998), which relaxed the waiver rule to review the trial court's alleged refusal to consider mitigating evidence in a capital sentencing hearing, finding that an objection "would have fallen on deaf ears." However, since *Saldivar* and *Davis*, the supreme court has repeatedly confirmed the general rule that preserving a claim of sentencing error requires both a contemporaneous objection and a written post-sentencing motion (*Hillier*, 237 Ill. 2d at 544; *People v. Bannister*, 232 Ill. 2d 52, 76 (2008)) and has described *Saldivar* and *Davis*, as cases involving "extraordinary circumstances" (*People v. McLaurin*, 235 Ill. 2d 478, 487-88 (2009)). Here, no such extraordinary circumstances exist. Thus, we hold defendant to his forfeiture.

¶ 6    Even if we were to reach the merits, we would find no error. First, we note that the trial court is not required to recite the language of the statute in determining that consecutive sentences are warranted. *People v. Hicks*, 101 Ill. 2d 366, 375 (1984). Rather, the record must show only that " 'the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public.' " *Id.* (quoting *People v. Pittman*, 93 Ill. 2d 169, 178 (1982)). In addition, "[b]ecause the trial court is in the best position to consider a defendant's credibility, demeanor, general moral character, mentality, social environment, and habits, the trial court's imposition of consecutive sentences will not be reversed on appeal absent an abuse of discretion." *People v. Buckner*, 2013 IL App (2d) 130083, ¶ 36. If the record does not support the court's determination that consecutive sentences were necessary, an abuse of discretion has occurred. *Id.*

¶ 7    Here, the record makes clear that the trial court believed that consecutive sentences were necessary to protect the public from the further criminal conduct by defendant. In sentencing defendant on count V, the court stated:

> "The court does *** believe that pursuant to the prevailing provision of the statute, namely, 5-8-4(c)(1), that the nature and circumstances of the offense, and the history and character of the Defendant, in the opinion of the Court, is such that consecutive sentences are required to protect the public from the criminal conduct of defendant."

With respect to count VI, the court stated:

> "Here again, the Court believes that the nature and circumstances of the offense, and the history of the Defendant, given those things, that this sentence should be imposed as a consecutive sentence so as to protect the public from other criminal conduct by the Defendant for the reasons set forth in this sentencing record."

The court's comments distinguish this case from *People v. McPherson*, 2018 IL App (2d) 170966, ¶ 33, relied on by defendant, where the trial court made no reference to the need to protect the public, stating only that it was imposing consecutive sentences because of the " 'facts and circumstances of [the] case,' " and we found that the "unique circumstance" of the offense was unlikely to recur.

¶ 8     In addition, the record supports the trial court's opinion. Evidence at the sentencing hearing established that defendant, after meeting his ex-girlfriend Kulik for a drink early in the evening, went to her home and hid in her closet. When she later returned with Rosillo, defendant confronted the women, telling them that "it looks like you both are going to die tonight."  Over the course of the next four to five hours, defendant punched Kulik 10 to 15 times and choked her more than five times, causing her to go in and out of consciousness.  Defendant struck Rosillo at least 20 times, on her face and the upper part of her body, and choked her. Both women thought they were going to die. Rosillo was eventually allowed to leave.  Defendant took Kulik to his house, where he kept her for about three to four hours, and eventually allowed her to leave.  The court heard testimony

about the injuries the women suffered and viewed photographs of their injuries and the scene. The trial court heard testimony from Shawn Nohl, an ex-girlfriend of defendant, who testified that she lived with defendant in 1997. One evening, they had an argument that turned physical. Defendant pulled a gun on her and would not allow her to leave. When she tried to escape, he pulled her by her hair down a hallway. The incident went on for hours. He eventually allowed her to leave and police were called. Defendant was charged in connection with the incident and pled guilty in 1998 to aggravated battery, aggravated unlawful restraint, and unlawful use of weapons.

¶ 9     The court also heard testimony in mitigation from defendant's father and daughter. Defendant made a statement, apologizing to the victims and their parents.

¶ 10     In imposing sentence, the trial court stated that it considered the presentencing investigation report (PSI), which provided defendant's criminal background and information obtained during the investigation. Besides the 1998 offenses, defendant had prior convictions for theft (1988), disorderly conduct (1994), and unlawful possession of cannabis (2018).

¶ 11     The court stated that it gave "serious and great consideration to the testimony that was elicited" at the sentencing hearing. The court also noted that it considered the facts in aggravation and mitigation. The court commented on the victims and the "serious trauma" defendant caused. The court stated that, based on the photographs, there was "no doubt" that Kulik and Rosillo "sustained great bodily harm as a result of the prolonged and significant events that transpired." In addition, the court found that, despite its age, the 1997 incident was "probative and meaningful" and "comparable to the criminal history involved in this proceeding."

¶ 12     Defendant argues that the current offenses did not justify consecutive sentences because they were committed in a domestic situation where he was well-acquainted with both victims. Defendant's point is meritless. The 1998 incident was also a domestic situation. The similarity

between these two incidents, as noted by the court, was sufficient to support a finding that consecutive sentences were necessary to protect the public, which necessarily includes any potential new girlfriends.

¶ 13    We note that the trial court specifically commented on the mitigating evidence, stating that it found "meaningful" defendant's father's opinion that, if defendant were given another chance, he would have walked away from the situation.  Despite the testimony from defendant's father and daughter, the court decided that consecutive sentences were warranted.  Given that the court was in the best position to consider defendant's character, criminal history, and the need to protect the public, we cannot say that the decision to impose consecutive sentences was an abuse of discretion.

¶ 14    For these reasons, the judgment of the circuit court of McHenry County is affirmed.

¶ 15    Affirmed.