NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250355-U

NO. 4-25-0355

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| ALEXANDER GAYLES, | ) | No. 24CC8 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the trial court did not abuse its discretion in sentencing defendant to 10 years' imprisonment for indirect criminal contempt.

¶ 2    In August 2024, defendant, Alexander Gayles, entered an open guilty plea to indirect criminal contempt. In exchange, the State dropped an obstruction of justice charge. There was no agreement as to sentence. Following a hearing, the trial court sentenced defendant to 10 years' imprisonment. The court denied defendant's motion to reconsider the sentence.

¶ 3    Defendant appeals, arguing the trial court abused its discretion in sentencing him to 10 years' imprisonment for indirect criminal contempt. We affirm.

¶ 4                                   I. BACKGROUND

¶ 5    On April 15, 2024, the day the trial was scheduled to begin, defendant failed to appear as a witness in McLean County case No. 21-CF-358, in which Malcolm Johnson and

Kevon Moon were charged with the murder of Jaleel Johnson. The State proceeded with jury selection. When defendant did not appear the following day, the trial court declared a mistrial and rescheduled the trial for May 10, 2024.

¶ 6        On May 6, 2024, defendant was located by the United States Marshals Service (U.S. Marshals) in Wisconsin, where he was hiding and living in an abandoned building. The U.S. Marshals arrested him on a warrant issued for his failure to comply with the State's subpoena. The State filed a petition for adjudication of indirect criminal contempt against defendant for his failure to comply with the subpoena. The petition alleged on December 27, 2023, defendant was served with a subpoena, which commanded him to appear in court on April 15, 2024, but defendant acted willfully and did not appear. For the same conduct, the State charged defendant with obstruction of justice (720 ILCS 5/31-4(a)(3) (West 2024)) in McLean County case No. 24-CF-359.

¶ 7        On May 10, 2024, the trial proceeded against Johnson and Moon. Defendant testified at the trial. Johnson and Moon were subsequently convicted of first degree murder, attempted murder, and obstruction of justice, and each was sentenced to approximately 100 years' imprisonment. See *Illinois Department of Corrections-Inmate Search*, Illinois Department of Corrections, available at https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=M37254 (last visited Mar. 18, 2026); https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=Y30122 (last visited Mar. 18, 2026); see also *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005) ("[W]e may take judicial notice of information that the Department of Corrections has provided on its website.").

¶ 8        In August 2024, defendant entered an open guilty plea to indirect criminal contempt. In exchange, the State dropped the obstruction of justice charge. There was no

agreement as to defendant's sentence.

¶ 9         At sentencing, based on the State's recommendation, the trial court ordered defendant to serve 10 years in prison for indirect criminal contempt. The court emphasized the importance of honoring subpoenas in upholding the justice system. The court noted the first degree murder case "was the most serious of cases that we have" and the sanction was necessary to deter others from the same conduct.

¶ 10        After sentencing, defendant sent correspondence asking the trial court to reconsider the sanction and impose a "reasonable sentence" instead. Defendant asserted 10 years was excessive and higher than sentences for "people who sell drugs or hurt people." Defendant explained, "[D]oing 10 years because I was scared to testify [shows] the justice system has fail[ed] people like me," and he warned he could be "murdered in prison." Defendant also filed a *pro se* motion to withdraw his guilty plea but withdrew the motion after consultation with counsel.

¶ 11        In November 2024, defense counsel filed a motion to reconsider the 10-year sentence on the grounds it was excessive. Following a hearing, the trial court denied the motion to reconsider.

¶ 12        This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, defendant argues the trial court abused its discretion when it (1) considered an improper aggravating factor in sentencing and (2) imposed an excessive 10-year prison sentence for indirect criminal contempt after his failure to appear in court delayed the trial of Johnson and Moon by 25 days. For the following reasons, we affirm.

¶ 15        "It has long been recognized that a court, in order to maintain control over its courtroom, has the inherent power to punish for contempt." *People v. Geiger*, 2012 IL 113181, ¶ 24. Criminal contempt is punishable by fine or imprisonment or both. *Bloom v. State of Illinois*, 391 U.S. 194, 201 (1968). The inherent power of the judiciary to punish for contempt is not subject to any sentencing range set by the legislature. *Geiger*, 2012 IL 113181, ¶ 24. "When imposing a sentence for contempt, courts should keep in mind that [t]he contempt power is an extraordinary one that should be used sparingly and with the utmost sensitivity." (Internal quotation marks omitted.) *Id.* ¶ 25. A sentence imposed for criminal contempt, like any other sentence, is reviewed for an abuse of discretion. *Id.* ¶ 27. Because criminal contempt lacks sentencing guidelines, it is our responsibility to ensure the contempt power is not abused and to revise sentences if necessary. *Id.* When reviewing a sentence for contempt, we consider "(1) the extent of the willful and deliberate defiance of the court's order, (2) the seriousness of the consequences of the contumacious behavior, (3) the necessity of effectively terminating the defendant's defiance as required by the public interest, and (4) the importance of deterring such acts in the future." *Id.* ¶ 28.

¶ 16                    A. Improper Sentencing Factor

¶ 17        Defendant argues the trial court improperly considered his relationship with Johnson and Moon as an aggravating factor in sentencing. The State correctly points out this claim was not preserved where it was not raised in defendant's postsentencing motion. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). However, defendant requests review of his claim under the first prong of the plain-error doctrine. In the sentencing context, this court may disregard a defendant's

- 4 -

forfeiture under the plain-error doctrine when a clear or obvious error occurred and "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.* at 545. Defendant argues the evidence at the sentencing hearing was closely balanced. The first step in a plain-error analysis is to determine whether any error occurred at all. *People v. Walker*, 232 Ill. 2d 113, 124 (2009).

¶ 18 At the sentencing hearing, the State argued defendant was "friends with the defendant" in the murder case and avoided testifying so "his friend could then be acquitted." Defense counsel argued defendant avoided the subpoena out of "fear." When pronouncing sentence, the trial court stated the justice system breaks down when an individual avoids "showing up" to refuse "testifying against a friend."

¶ 19 At the hearing on the motion to reconsider, defense counsel again argued defendant "was afraid" and "trying to protect himself." Defense counsel explained, "[A]lthough [defendant] may have known the people that were charged as co-defendants in the murder case," that did not mean "he was necessarily trying to assist [those] defendants or protect them in any way." In ruling to deny the motion, the trial court stressed its belief defendant "was an acquaintance, friend, or associate of Johnson's," and he avoided testifying to prevent Johnson and Moon from being convicted. The court acknowledged Johnson "previously throughout the course of his prosecution had engaged in conduct directed towards harassing witnesses including subordination [*sic*] of perjury and defying subpoenas."

¶ 20 Defendant asserts it was error for the trial court to rely on untested allegations and speculations regarding his motives in sentencing him for contempt. See *People v. Dameron*, 196 Ill. 2d 156, 171-72 (2001) (finding a trial court cannot rest on private knowledge or untested evidence in sentencing); *People v. Dempsey*, 242 Ill. App. 3d 568, 597 (1993) (finding

speculation and conjecture are improper in sentencing). We agree with defendant the court erred in relying on untested allegations and speculations regarding his motives. However, defendant has not shown the evidence at the sentencing hearing was closely balanced.

¶ 21 Here, defendant entered an open plea to indirect criminal contempt and admitted the allegations in the State's petition where he "acted willfully" to avoid testifying. Defendant argues his fear of retaliation for testifying was mitigating. While the trial court recognized "mitigation set forth in the pre-sentence investigation [report]," including defendant's acknowledgment in entering the plea, it found "the specific facts and the nature of the contempt" outweighed the mitigating evidence. It was appropriate for the court to give considerable weight to the facts of "defendant's participation in the underlying murder trial" as relevant to his contemptuous conduct. In pronouncing sentence, the court recognized defendant was a "material witness in a homicide case" with multiple defendants, among "the most serious of cases" heard by the court. The court explained how defendant's testimony was "critical" to the murder trial and related the specific evidence provided by his testimony. Because the evidence was not closely balanced, we honor defendant's forfeiture of his improper sentencing factor argument.

¶ 22                                    B. Excessive-Sentence Claim

¶ 23 Defendant argues the trial court abused its discretion in sentencing him to an excessive 10-year prison sentence for indirect criminal contempt. Defendant contends his sentence is disproportionate, arguing the State did not suffer prejudice as a result of the 25-day trial delay caused by his failure to appear in court. In support of his argument, defendant notes both Johnson and Moon were convicted of murder and each were sentenced to approximately 100 years in prison.

¶ 24 The State argues the Illinois Appellate Court has affirmed similar sentences for

contempt, citing *People v. McPherson*, 2018 IL App (2d) 170966, ¶ 27 (affirming a 6-year sentence for direct contempt), and *People v. Perez-Gonzalez*, 2014 IL App (2d) 120946, ¶¶ 37-12, 38 (affirming a 10-year sentence for direct contempt). In both cases, the contempt occurred in the context of a serious murder case, and the contemnor refused to testify. Although these cases involve direct contempt, we find the underlying facts to be analogous and relevant to this case.

¶ 25    In *McPherson*, the trial court imposed a six-year sentence for direct contempt after the contemnor refused to testify at his brother's murder trial. *McPherson*, 2018 IL App (2d) 170966, ¶¶ 3, 13. The court emphasized the seriousness of the murder case and the need to deter similar conduct, and the appellate court affirmed. *Id.* ¶¶ 12, 22.

¶ 26    In *Perez-Gonzalez*, the trial court imposed a 10-year sentence for direct contempt after a defendant refused to testify at a codefendant's murder trial. *Perez-Gonzalez*, 2014 IL App (2d) 120946, ¶¶ 3-12. The court found the contempt hindered the prosecution where the State was unable to prove a firearm sentencing enhancement. *Id.* ¶ 12. The court further emphasized the 10-year sentence was necessary for deterrence. *Id.* The appellate court honored the trial court's discretion to impose a 10-year sentence for contempt under such circumstances. *Id.* ¶ 38.

¶ 27    Considering the factors of contempt sentencing set out in *Geiger*, we conclude defendant's 10-year prison sentence was not an abuse of discretion. See *Geiger*, 2012 IL 113181, ¶ 28. The incredible extent of defendant's defiance in fleeing the state and hiding in Wisconsin, only to be located and returned by the efforts of the U.S. Marshals, was a serious affront to the administration of justice. Defendant's defiance was willful and deliberate. Defendant admitted he "acted willfully" when he defied the subpoena and failed to appear in court on April 15, 2024. The trial court explained defendant "refusing to appear" and honor the subpoena "could not be more serious" under the circumstances, where defendant's testimony was "crucial" to the first

degree murder trial of two defendants. Further, defendant's abscondence was not a mere delay of days but also forced the court to declare a mistrial, resulting in the dismissal of an empaneled jury, a waste of significant court resources. The court stressed the importance of deterring similar acts in the future. Like *McPherson* and *Perez-Gonzalez*, the court focused on the seriousness of the murder trial, the importance of defendant's testimony, and the critical need to deter witnesses from absconding to avoid testifying. Upon weighing these factors, it was within the trial court's discretion to impose a 10-year sentence, and we will not disturb the trial court's independent discretion in sentencing. See *People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010) (" 'A reviewing court gives great deference to the trial court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the "cold" record.' " (quoting *People v. Fern*, 189 Ill. 2d 48, 53 (1999)).

¶ 28    Defendant argues, in *McPherson*, the contemnor's "persistent refusal to testify" distinguishes the direct contempt in that case from the present case. See *McPherson*, 2018 IL App (2d) 170966, ¶ 23. Defendant asserts "persistent defiance did not occur" in this case, and "the State's ability to prove its case was not materially impeded." We disagree. While defendant ultimately testified at trial, his defiance of the subpoena caused the first degree murder trial of two defendants to be delayed by multiple weeks. Defendant was a crucial witness in the State's case. He fled to Wisconsin, only to be located and arrested with the efforts of the U.S. Marshals. It was within the trial court's discretion to impose a lengthy sanction.

¶ 29    As a final matter, defendant argues his contempt sentence is disproportionate under the statutory range for the comparable offense of obstruction of justice. It is well-established the contempt power belongs to the courts and is not constrained by any legislative

sentencing classification or sentencing range. *Geiger*, 2012 IL 113181, ¶ 24. We see no reason to suggest courts should limit their inherent power to punish contempt by deferring to ranges for statutory offenses. See *McPherson*, 2018 IL App (2d) 170966, ¶ 28 ("To interpose a statutory range by comparing contempt to perjury, or some other statutory offense, would detract from the inherent judicial authority to punish contempt.").

¶ 30                                    III. CONCLUSION

¶ 31            For the reasons stated, we affirm the trial court's judgment.

¶ 32            Affirmed.